IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
ELEVENTH CIRCUIT

DAN J. QUALE
    Plaintiff, *Prose'*

v.

Civil Action No. 09-519-CG-M

Unifund CCR Partners, **Defendant**
National City Card Services, **Co-Defendant**

## COMPLAINT

PLAINTIFF Dan J. Quale sues defendants Unifund CCR Partners and National City Card Services for money damages and states:

### JURISDICTIONAL ALLEGATIONS

1. This is an action for money damages in excess of $75,000.

2. At all times material to the lawsuit, Dan J. Quale was a resident of Washington County, Al.

3. At all times material to the lawsuit, Defendants engaged in business in Alabama.

4. All acts necessary or precedent to the bringing of this lawsuit occurred or accrued in Alabama.

5. This Court has jurisdiction.

### GENERAL FACTUAL ALLEGATIONS

6. The Defendant is a 3rd party debt collector in Cincinnati, Ohio, as such is governed under the

7. law by The Fair Debt Collection Practices Act 15 USC §1601, *et.seq.* The Co-Defendant is

8. a credit lender and as such governed under the law by The Fair Credit Reporting Act 15 USC

9. §1681, *et seq.* and also reports these accounts to the national credit reporting agencies i.e.:

10. TransUnion; Equifax; Experian; and Innovis.

1

11. The State of Alabama abides by and adheres to: The Fair Credit Reporting Act and The Fair

12. Debt Collection Practices Act. The Defendants are governed under these laws.

13. The Plaintiff contests ever having any "legitimate" contractual agreement for credit, loans,

14. or services with the Defendants. Even if the Plaintiff did have such a "legitimate" agreement,

15. which the Plaintiff contests, the "alleged" debt is not the issue. The issue is how the

16. "alleged" debt was or was not **validated**. Also, the wrongful actions of the Defendants in an

17. attempt to collect and report the "alleged" debt. The Plaintiff's civil rights have been

18. violated since the Defendants did not adhere to the law as outlined in the stated Acts.

19. On or about 12/26/2007 the Defendant contacted the Plaintiff by U.S. mail indicating they

20. currently own or are servicing "alleged" debt. Plaintiff responded to Defendant **disputing**

21. "alleged" debt on 1/3/2008 and requesting **validation** via returned affidavit within 30 days.

22. Affidavit has not been received to this date, hence "alleged" debt has not been **validated** and

23. remains in **dispute**.

**COUNT ONE: VIOLATION OF "THE FAIR DEBT COLLECTION PRACTICES ACT"**
[ § 809. Validation of Debts ]

24. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual

25. allegations.

26. Sufficient **validation** of "alleged" debt has not been received by Plaintiff. Defendants have

27. entered derogatory information into the Plaintiff's Experian and Innovis Credit Reports.

28. Derogatory data remains within Plaintiff's Credit Report to this date.

29. **Plaintiff demands judgment in the amount of: $36,000.**

30. WHEREFORE, Plaintiff demands judgment for money damages against Defendants

2

31. together with such other and further relief as the Court may deem reasonable and just under
32. the circumstances.

### COUNT TWO:  1st VIOLATION OF "THE FAIR CREDIT REPORTING ACT" [§ 623]

33. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual
34. allegations.
35. Defendants, having failed to **validate** "alleged" debt, reported "erroneous and inaccurate"
36. information to: Experian and Innovis Credit Reporting Agencies to this date.
37. **Plaintiff demands judgment in the amount of:  $36,000.**
38. Wherefore, Plaintiff demands judgment for money damages against Defendants together
39. with such other and further relief as the Court may deem reasonable and just under the
40. circumstances.

### COUNT THREE:  2nd VIOLATION OF "THE FAIR CREDIT REPORTING ACT" [§ 623]

41. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual
42. allegations.
43. Defendants have failed to "notice" Experian and Innovis Credit Reporting Agencies that the
44. "alleged" debt was in **dispute** to this date.
45. **Plaintiff demands judgment in the amount of:  $36,000.**
46. Wherefore, Plaintiff demands judgment for money damages against Defendants together
47. with such other and further relief as the Court may deem reasonable and just under the
48. circumstances.

49. WHEREFORE, the defendants have violated The Fair Credit Reporting Act and The Fair

50. Debt Collection Practices Act, Plaintiff demands judgment in the amount of: $108,000, plus

51. all costs of this action along with punitive damages in the amount of $150,000 or as the

52. Court may allow along with Private Attorney General fees of $3,000 as prescribed by law.

53. Wherefore, Plaintiff demands judgment for money damages against Defendants together with

54. such other and further relief as the Court may deem reasonable and just under the

55. circumstances.

## STATEMENT UPON WHICH RELIEF CAN BE GRANTED

56. 1. A settlement agreement between the Plaintiff and the Defendants that the Defendants

57. shall remove any derogatory information and inquires from all four major credit-reporting

58. agencies: TransUnion; Equifax; Experian; and Innovis and any other known credit

59. reporting agencies Defendants have used or may use in the future.

60. 2. Defendants must provide a letter and or Universal Data Form indicating they have

61. completed such and send same to the Plaintiff.

62. 3. The Defendant will be barred now or in the future from selling or transferring of the

63. "alleged" debt to any other collection agency or attorney or entity and also barred now

64. and in the future from re-entering this information into the Plaintiff's credit reports.

65. 4. The Defendants must cease and desist any further collection activities against the Plaintiff

66. and the Defendant may not Sell and Transfer the alleged account to any other Collection

67. Agency or Attorney or entity now or in the future.

68. 5. Payment of: $108,000 for their violations.

69. 6. Payment of: $3,000 in Private Attorney General fees.

70. 7. Payment of Damages as allowed by the Court and Court Costs.

71. 8. Eradicate any and all judgments pertaining to "alleged" debt.

72. Respectfully submitted this 11th Day of August 2009.

                                      Dan J. Quale, PLAINTIFF
                                      45 Mt Carmel Rd
                                      Millry, Al, 36558
                                      (251) 846-6224
                                      impactap@millry.net