```
        IN THE UNITED STATES DISTRICT COURT FOR THE
               SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION


DAN J. QUALE,                      :

          Plaintiff,               :

v.                                 :    CIVIL ACTION 09-0519-CG-M

UNIFUND CCR PARTNERS, et al.,      :

          Defendants.              :
```

REPORT AND RECOMMENDATION

This federal question action was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and is before the Court on the Motion to Dismiss filed by Defendant, National City Bank, NA ("National City Bank") on October 22, 2009.[1]  (Doc. 24).  After consideration of the pleadings, and for the reasons set out below, it is recommended that Defendant National City Bank's Motion to Dismiss be granted as to all claims asserted against it in Plaintiff's Complaint. (Docs. 1, 24).

I. FACTUAL AND PROCEDURAL BACKGROUND[2]

On August 11, 2009, Plaintiff filed a *pro se* Complaint

---

[1] In his Complaint, Plaintiff incorrectly designates this Defendant as National City Card Services.  (Doc. 1 at 1).

[2] On October 21, 2009, the undersigned entered a Report and Recommendation in this action related to the Motion to Dismiss filed by Defendant Unifund CCR Partners ("Unifund").  (Doc. 22). The Court incorporates the factual and procedural background contained in that Report and Recommendation as it applies generally to Defendant National City Bank's Motion to Dismiss as well.

against Unifund, a "third party debt collector," and National City Bank, a "credit lender," alleging that these Defendants: (1) violated the Fair Debt Collection Practices Act ("FDCPA") by failing to provide Plaintiff validation of his debt and reporting derogatory information about the debt to Experian and Innovis credit reporting agencies (Count One); (2) violated the Fair Credit Reporting Act ("FCRA") by failing to verify Plaintiff's debt and reporting erroneous information about the debt to Experian and Innovis (Count Two); and (3) violated the FCRA by failing to notify Experian and Innovis that the alleged debt was in dispute (Count Three).  (Doc. 1 at 2-3).

On October 22, 2009, National City Bank filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that: (1) Plaintiff's FDCPA claim is due to be dismissed because the FDCPA only applies to "debt collectors," and National City is not a debt collector and, further, that Plaintiff's FDCPA claim is barred by the applicable statute of limitations; and (2) Plaintiff's FCRA claims are due to be dismissed because the FCRA provides no private cause of action against a "furnisher of information," such as National City Bank, for its reporting activities, nor has Plaintiff alleged that National City Bank failed to investigate a dispute of which it received notice from a consumer reporting agency.  (Doc. 24 at 1-2).  National City Bank's Motion to Dismiss is now before the Court.

## II. STANDARD OF REVIEW

"[W]hen considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged by [the plaintiff] in the complaint as true." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009). "Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions." Id. (citing Ashcroft v. Iqbal, 556 U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

> In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, "but we are not required to draw plaintiff's inference." Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. Id.; see also Iqbal, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").
>
> A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. See Iqbal, 129 S. Ct. at 1950 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561-62, 570, 127 S. Ct. 1955, 1968-69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In Twombly, the Supreme Court emphasized a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at

> 555, 127 S. Ct. at 1965. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 127 S. Ct. at 1964-65 (internal citations and emphasis omitted).
>
> . . . A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. Id. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.

Sinaltrainal, 578 F.3d at 1260-61.

Because Plaintiff is proceeding *pro se*, the Court will liberally construe his pleadings. See Harris v. United Auto. Ins. Group, Inc., 579 F.3d 1227, 1231 n.2 (11th Cir. 2009) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). However, the Court will not serve as "*de facto* counsel" for Plaintiff nor "rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).

III. DISCUSSION

In this action, Plaintiff sues Defendant National City Bank for violations of the FDCPA and the FCRA.  The Court will consider this Defendant's Motion to Dismiss as it relates to each of Plaintiff's claims.

   A. Plaintiff's FDCPA Claims (Count One).

In Count One of his Complaint, Plaintiff states that Defendant National City Bank failed to validate his alleged debt and "entered derogatory information into the Plaintiff's Experian and Innovis Credit Reports," thereby violating the validation and reporting requirements of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.[3]  (Doc. 1 at 2).  According to Plaintiff, "[d]erogatory data remains within Plaintiff's Credit Report to this date."  (Id.).

"The FDCPA applies only to 'debt collectors,'" Frazier v. HSBC Mortgage Servs., Inc., 2009 WL 4015574, *6 (M.D. Fla. 2009), which the FDCPA defines as:

> ... any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another....

---

[3] The Court incorporates by reference its discussion of the validation and reporting requirements of §§ 1692g(b) and 1692e of the FDCPA in the Report and Recommendation entered on October 21, 2009.  (Doc. 22).

15 U.S.C. § 1692a(6).

The statute expressly excludes from the term "debt collector":

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ...
>
> (ii) concerns a debt which was originated by such person. . . .

15 U.S.C. § 1692a(6)(F).  See also <u>Monroe v. Citimortgage, Inc.</u>, 2007 WL 1560194 *2 (M.D. Fla. 2007) (unpublished) ("[D]ebt collector" does not include 'the consumer's creditors . . . .'"); <u>Bates v. Novastar/Nationstar Mortgage LLC</u>, 2008 WL 2622810, *5-6 (N.D. Ga. 2008) (unpublished)("'The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors. . . .'") (citations omitted).

Further, the FDCPA defines a "creditor" as:

> [A]ny person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

15 U.S.C.A. § 1692a(4).

In this action, Plaintiff alleges that Defendant National City Bank is a "credit lender." (Doc. 1 at 1).  Plaintiff does not allege in any respect that Defendant National City Bank is a

debt collector as contemplated by the FDCPA.  Therefore, National City Bank is not subject to the verification and reporting requirements of the FDCPA, and Plaintiff's FDCPA claim against this Defendant is due to be dismissed.[4]

    B. Plaintiff's FCRA Claims (Counts Two and Three).

In Count Two of his Complaint, Plaintiff alleges that Defendant National City Bank violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, by failing to validate or verify his debt and by reporting erroneous information about the debt to Experian and Innovis.  (Doc. 1 at 3).  In Count Three, Plaintiff alleges that Defendant violated the FCRA by failing to notify Experian and Innovis that the debt was in dispute.  (Id.).  Defendant argues in its Motion to Dismiss that Counts Two and Three of Plaintiff's Complaint are due to be dismissed because Plaintiff has no private right of action against it under the FCRA for furnishing inaccurate information to a credit reporting agency and because Plaintiff has not alleged that National City Bank failed to investigate a dispute of which it received notice from a consumer reporting agency.  (Doc. 24 at 2).  Defendant is correct.

    For the same reasons discussed in the undersigned's Report

---

[4] Defendant National City Bank argues in its Motion to Dismiss that Plaintiff's FDCPA claim also is barred by the applicable one-year statute of limitations.  (Doc. 24 at 1-2). Because the Court has determined that Plaintiff's Complaint fails to state a claim against this Defendant under the FDCPA, consideration of that issue is pretermitted.

and Recommendation entered on October 21, 2009 (Doc. 22), related to the Motion to Dismiss filed by Defendant Unifund, Plaintiff's FCRA claims against Defendant National City Bank fail as a matter of law.[5]  Section 1681s-2(a) of the FCRA prohibits furnishers of credit information from providing false information; "[h]owever, the statute explicitly bars private suits for violations of this provision."  Peart v. Shippie, 2009 WL 2435211, *1 (11th Cir. 2009) (unpublished)[6] (citing 15 U.S.C. § 1681s-2(c); 15 U.S.C. § 1681s(c)(1)(B) (allowing states to bring an action for violations)).

Furthermore, although § 1681s-2(b)of the FCRA requires furnishers of credit information to investigate the accuracy of reported information upon receiving notice of a dispute, this provision can be enforced through a private right of action "only if the furnisher received notice of the consumer's dispute *from a consumer reporting agency*."  Peart, 2009 WL 2435211 at *1 (citing 15 U.S.C. § 1681s-2(b)(emphasis added).  As with Defendant Unifund, Plaintiff does not allege that Defendant National City Bank received notice of the dispute from a consumer reporting

---

[5] The Court incorporates herein by reference the full discussion of the FCRA, specifically §§ 1681s-2(a) and 1681s-2(b), contained in that Report and Recommendation. (Doc. 22).

[6] "Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority."  Lanier Constr., Inc. v. Carbone Props. of Mobile, LLC, 253 Fed. Appx. 861, 865, 2007 WL 3307384, *3 n.5 (11th Cir. 2007) (unpublished).

agency, as required by § 1681s-2(b).  Thus, Plaintiff's Complaint fails to state a claim against National City Bank under the FCRA, and, therefore, Defendant City National Bank's Motion to Dismiss all claims made against it in Plaintiff's Complaint is due to be granted.

## CONCLUSION

Based on the foregoing, it is recommended that Defendant National City Bank's Motion to Dismiss be granted and that all counts in Plaintiff's Complaint asserted against Defendant National City Bank be dismissed without prejudice.[7]

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   Objection.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a

---

[7] It has been recommended by the undersigned that this action proceed on Plaintiff's claims asserted in Count One of the Complaint against Defendant Unifund for violations of §§ 1692g(b) and 1692e of the FDCPA.  (*See* Doc. 22).

matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[8] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.


2.    Transcript (applicable Where Proceedings Tape Recorded).  Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 26th day of January, 2010.

                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE

---

[8] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed. R. Civ. P. 72(b)(2).